**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KINNEY WAYNE COMPTON,

Petitioner - Appellant,

v.

KEVIN CHAPPELL, Warden,

Respondent - Appellee.

No. 09-56946

D.C. No. 2:06-cv-02811-GW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 6, 2013[**]

Before:    HUG, FARRIS, and LEAVY Circuit Judges.

Kinney Wayne Compton appeals from the district court's judgment denying

his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction under 28 U.S.C.

§ 2253.  We review de novo, *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir.

2011), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Compton contends that the trial court's admission into evidence of the deceased victim's out-of-court statements to police violated Compton's Sixth Amendment right to confrontation. As to the crime scene and emergency room statements, the state court did not unreasonably apply clearly established Supreme Court law in denying Compton's claims. *See* 28 U.S.C. § 2254(d)(1). *Crawford v. Washington*, 541 U.S. 36 (2004), left ambiguous the scope and meaning of the terms "testimonial" and "interrogation," and there were material differences between the circumstances in *Crawford* and those presented here. As to the statements made by Compton five days after the shooting, admission of those statements was harmless. *See Brecht v. Abramson*, 507 U.S. 619, 637-38 (1993).

**AFFIRMED.**